Citation Nr: 1702609 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 07-26 767 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a right knee disability, to include as secondary to service-connected sarcoidosis or any ankle or foot disabilities, including service-connected right foot callus. 

2. Entitlement to service connection for a bilateral ankle disability, to include as secondary to service-connected sarcoidosis or any knee or foot disabilities, including service-connected right foot callus. 

3. Entitlement to service connection for a left foot disability, including pes planus, and to include as secondary to service-connected sarcoidosis or any ankle or knee disabilities, or service-connected right foot callus. 

4. Entitlement to service connection for a right foot disability, other than service-connection right foot callus, and including pes planus, and to include as secondary to service-connected sarcoidosis or any ankle or knee disabilities, or service-connected right foot callus.



REPRESENTATION

Veteran represented by: Collin A. Douglas, Agent


ATTORNEY FOR THE BOARD

Journet Shaw, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from August 1977 to February 1980. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

In March 2011 and August 2013, the Board, in pertinent part, remanded the issues on appeal for additional development. As there has been substantial compliance with the actions specified in the remand, the matter has been properly returned to the Board for appellate consideration. Stegall v. West, 11 Vet. App. 268 (1998). 

After the most recent supplemental statement of the case (SSOC) was issued in February 2016, additional VA treatment records were associated with the claims file. As the records include pertinent, but duplicative, evidence to the issues on appeal, no waiver of Agency of Original Jurisdiction (AOJ) consideration is required. 38 C.F.R. §§ 19.37, 20.1304 (2016).

The Board acknowledges that the Veteran has filed a Notice of Disagreement on the earlier effective date claims for the grant of service connection for sarcoidosis with pulmonary involvement and depressive disorder; service connection claims for left shoulder arthritis, lower back disability, lumps under left arm, lumps under right arm, swollen left leg, and swollen right leg; and claim for a total disability evaluation based on individual unemployability (TDIU). While it would be appropriate to remand the earlier effective date claims, service connection claims, and TDIU claim for issuance of a statement of the case under Manlincon v. West, 12 Vet. App. 238 (1999), a review of the record reveals that the NOD was filed in January 2017, and the AOJ has not yet had an opportunity to respond. As such, the Board will not accept jurisdiction over them at this time, but they will be the subject of a subsequent Board decision, if otherwise in order. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Unfortunately, a remand is required in this case for the issues on appeal. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the claim so that the Veteran is afforded every possible consideration.

The Veteran is seeking service connection for a right knee disability, bilateral ankle disability, a left foot disability, including pes planus, and a right foot disability, other than service-connected right foot callus, and including pes planus. Essentially, the Veteran asserts that these orthopedic disabilities are either the result of his active duty service, or are caused or aggravated by his service-connected sarcoidosis, his service-connected right foot callus, or his other non-service-connected ankle, knee or foot disabilities. 

With regard to his right knee disability service connection claim, the available medical evidence (August 2006 VA X-ray report and October 2006 MRI report) shows that the Veteran has a diagnosis of minimal degenerative osteoarthritis of the right knee. This finding was clarified in a March 2015 VA medical opinion where a June 2011 VA examiner was erroneously found to have read the knee x-ray as normal. However, the March 2015 VA medical opinion did not provide an etiological opinion for the Veteran's right knee disability. 

In compliance with the August 2013 Board remand, the Veteran was provided a November 2015 VA medical opinion to determine the etiology of his right knee disability. The remand also instructed the examiner, in rendering any opinion, to specifically address the Veteran's October 2006 VA MRI report. For several reasons, the Board finds that the November 2015 VA medical opinion is not adequate. 

Initially, the Board notes that the November 2015 VA examiner opined that the "arthritis shown of the right knee less likely than not....had its onset during active service; is etiologically related to the Veteran's in-service injuries and complaints; or otherwise is related to service." In the rationale, the examiner did not address the Veteran's service treatment records or post-service medical history. Notably, despite being instructed to do so, the examiner did not discuss the October 2006 VA MRI report. In opining that the Veteran's right knee disability was not caused or aggravated by the Veteran's service-connected sarcoidosis or right foot callus or non-service-connected arthritis of the ankles or other foot disabilities, the examiner did not specifically address any of these disabilities. Instead, the only rationale that the examiner provided for all of these opinions was that the Veteran's right knee disability was mostly likely due to the normal aging process. Because the examiner did not address the Veteran's complete medical history, including specific post-service radiological findings, or provide a fully articulated rationale for his opinions that addressed that history and the Veteran's assertions, the Board finds that this opinion is not adequate, and another remand is required. 

The Board also finds that there is insufficient information for the Veteran's service connection claims for a left foot disability and a right foot disability, other than service-connected right foot callus. On the basis of the June 2011 VA examination findings, the Veteran was granted service connection for right foot callus. However, at that same examination, the June 2011 VA examiner misinterpreted the Veteran's June 2006 right foot x-ray, which was found by the March 2015 VA examiner to show early osteoarthritis of the right foot. No etiological opinion was provided by the March 2015 VA examiner. In a subsequent November 2015 VA medical opinion, the examiner determined that he was unable to find a diagnosis for a foot condition. The November 2015 VA examiner relied on the erroneous finding that the Veteran had a normal bilateral foot x-ray by the June 2011 VA examiner. Notably, the June 2006 x-ray did not examine the Veteran's left foot. Since the November 2015 VA examiner did not acknowledge that the March 2015 VA examiner had found that the June 2011 VA examiner's interpretation of the June 2006 x-ray was inaccurate, and that the Veteran has a diagnosis for right foot early osteoarthritis, the Board finds that the November 2015 VA examiner's opinion that the Veteran does not have a foot diagnosis to be inaccurate. Furthermore, as there does not appear to be any diagnostic testing performed on the Veteran's left foot and his June 2011 VA examination was inadequate, the Board finds that a new VA examination is warranted for the Veteran's feet to determine whether the Veteran has a current foot diagnosis for either foot, other than right foot callus, and the etiology of any such diagnosis. 

Finally, with regard to the Veteran's service connection claim for a bilateral ankle disability, the Veteran was provided a new VA examination and addendum medical opinion in compliance with the August 2013 Board remand. At his September 2013 VA examination, the Veteran was diagnosed with minimal osteoarthritis of the bilateral ankles. Finding that the Veteran's 1978 in-service diagnosis for right ankle sprain had resolved upon separation, the September 2013 VA examiner found that the Veteran's current bilateral ankle disability was not directly related to his active duty service. In responding to the request to opine as to whether the Veteran's current bilateral ankle disability was caused or aggravated by the Veteran's service-connected or non-service-connected disabilities, the September 2013 VA examiner did not use the correct legal standard. 

The examiner, using the pre-populated section of the medical opinion report, checked the boxes that correspond to the opinions for direct service connection and aggravation of a condition that existed prior to service, rather than those opinions that correspond to the causation (proximately due to or the result of) and aggravation (increased beyond the natural progression of the disability due to service-connected or non-service-connected disability) prongs for secondary service connection. The Board does note that in the rationale, the September 2013 VA examiner opined that the Veteran's minimal osteoarthritis of the ankle joint is likely to have been aggravated secondary to calluses on the feet since service. However, the Board finds that the available medical evidence shows that the Veteran only has diagnoses of right foot calluses. As there is no evidence also showing left foot calluses, the Board finds that this opinion was based on an inaccurate factual premise and cannot be used to support finding in favor of service connection for a bilateral ankle disability. To rectify these errors, the Veteran was provided an addendum opinion in December 2014. 

The Board finds that the December 2014 VA examiner's opinion did provide adequate opinions and rationales in determining that the Veteran's bilateral ankle disability did not have its onset during active service, and was less likely than related to or aggravated by such service. Additionally, the examiner determined that osteoarthritis is not caused by sarcoidosis or callus formation, and therefore, it is less likely than not that the Veteran's osteoarthritis is due to calluses or sarcoidosis. However, the Board finds that the Veteran's aggravation opinion is not adequate, because it does not address the correct legal standard. The examiner opined that the Veteran's bilateral ankle disability "was not present prior to service thus could be aggravated." This opinion does not use the correct legal standard to address whether the Veteran's current bilateral ankle disability was aggravated beyond its natural progression by his service-connected disabilities or non-service-connected disabilities. Accordingly, on remand, a new VA opinion is required. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all of the Veteran's outstanding treatment records for his right knee, bilateral ankle, and bilateral foot disabilities that are not currently of record.

2. After the above is completed, to the extent possible, schedule the Veteran for a VA examination for his bilateral foot disability by an appropriately qualified examiner. Provide the examiner with the claims file, including a copy of this REMAND, for review. Perform all appropriate studies and tests to respond to the requested opinions. 

After a review of the claims file, the examiner should respond to the following:

a. Does the Veteran have a right foot diagnosis, other than right foot calluses? If so, please identify. 

b. Does the Veteran have a left foot diagnosis? If so, please identify. 

c. For each diagnosis, is it at least as likely as not (50 percent probability or more) that any current left or right foot disability, other than right foot callus, had its onset during active duty service, is related to his in-service injuries, or is otherwise etiologically related to service?

d. For each diagnosis, is it at least as likely as not (50 percent probability or more) that any current left or right foot disability, other than right foot callus, was caused, or alternatively, aggravated (increased beyond the natural progression of the disability) by his service-connected sarcoidosis or right foot callus, or any ankle or knee disabilities. 

In providing the above opinions, the examiner should address the Veteran's complete medical history, including the March 2015 VA examiner's finding that the Veteran's June 2006 right foot x-ray showed early osteoarthritis of the right foot. 

A complete rationale for any opinion expressed must be provided. 

3. Obtain an addendum VA opinion from the November 2015 VA examiner, or another appropriately qualified examiner. Only if deemed necessary to provide an opinion, should the Veteran be afforded a new VA examination for his right knee disability. Provide the examiner the claims file, including a copy of this REMAND, for review. 

After a review of the claims file, the examiner should respond to the following:

a. Is it at least as likely as not (50 percent probability or more) that the Veteran's current right knee disability had its onset during active service, is related to any in-service injuries, or is otherwise etiologically related to service? 

b. Is it at least as likely as not (50 percent probability or more) that the Veteran's right knee disability was caused or, alternatively, aggravated (increased beyond the natural progression of the disability) by his service-connected sarcoidosis or right foot callus, or any ankle and foot disabilities?

In providing the above opinions, the examiner should address the Veteran's complete medical history, including the Veteran's August 2006 VA X-ray and October 2006 VA MRI report of the right knee. 

A complete rationale for any opinion expressed must be provided. 

4. Obtain an addendum VA opinion from the December 2014 VA examiner, or another appropriately qualified examiner. Only if deemed necessary to provide an opinion, should the Veteran be afforded a new VA examination for his bilateral ankle disability. Provide the examiner the claims file, including a copy of this REMAND, for review. 

After a review of the claims file, the examiner should respond to the following:

Is it at least as likely as not (50 percent probability or more) that the Veteran's bilateral ankle disability was aggravated (increased beyond the natural progression of the disability) by his service-connected sarcoidosis or right foot callus, or any knee or foot disabilities?

In providing the above opinion, the examiner should address the Veteran's complete medical history. 

A complete rationale for any opinion expressed must be provided. 

5. After completing the requested actions, and any additional notification and/or development deemed necessary, readjudicate the claims. If the benefits sought on appeal remain denied, in whole or in part, the Veteran and his representative should be provided a SSOC. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).